FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 4: 11

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

JESSIE LYNN B. UNDERWOOD, et al.

DEFENDANTS.

CRIMINAL CASE NO.: CF0712-18

DECISION AND ORDER
(People's Intention to Use Flight as
Evidence of Guilt)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on the People of Guam's ("People") filing titled People's Intention to Use Flight as Evidence of Guilt. Assistant Attorney General Matthew Phelps represents the People. The Court took this matter under advisement on May 3, 2019. Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **DENYING** the People's request.

## BACKGROUND

The People seek a jury instruction concerning Underwood's alleged flight, as evidenced by her failure to check in with Probation in her other two cases following her indictment in CF0712-18. People's Intention at 2 (Mar. 12, 2019). Underwood's indictment in CF0712-18 was the result of a search warrant being executed at her residence on November 27, 2018 (she was not present during the search). Phelps Declaration. (Nov. 28, 2018). Underwood argues that the factual record fails to support the People's assertion that

CF0712-18, People v. Underwood, et al.
Decision and Order (Flight as Evidence of Guilt)
Page 1 of 5

ORIGINAL

she fled. Objection at 1 (Mar. 22, 2019). A review of all three cases is necessary in order to determine whether Underwood's behavior following her indictment in the present case demonstrates an intentional avoidance of law enforcement.

### a. CF0398-15

On April 9, 2018, Underwood entered into a Deferred Plea Agreement in CF0398-15. Pursuant to the Deferred Plea Agreement, Underwood was placed on probation and required to abide by certain conditions, including reporting to the Probation Office three times per week. Deferred Plea Agreement for CF0398-15 at ¶ 9(g)(ii) (Apr. 9, 2018). By November 27, 2018, Probation had filed nine Violation Reports against Underwood, six of which stated Underwood had failed to report to Probation as required.[1]

### b. CF0255-18

On May 4, 2018, Underwood was charged with several drug offenses in CF0255-18. CF0255-18 Indictment (May 4, 2018). She was released on bond, but placed on house arrest and required to report to the Probation Office three times per week in person. Order of Conditional Release in CF0255-18 (May 17, 2018). By November 27, 2018, Probation had filed six Violation Reports against Underwood in CF0255-18, three of which stated Underwood had failed to report to Probation as required.[2]

### c. CF0712-18

On November 27, 2018, officers of the Guam Police Department executed a search warrant of the residence of Emily Floripes Babauta ("Babauta"), located at 114 Tumon View Condos. Phelps Declaration. Underwood was not present at the residence during the raid, but officers were informed that Underwood resided there and shared a room with Kayla Jo Taitague ("Taitague"). Id. While searching the room identified as the bedroom of Underwood and Taitague, the officers discovered a pouch containing a digital scale, hand

---

[1] The following Violation Reports stated that Underwood had failed to report: Second Violation Report (June 11, 2018), Third Violation Report (Aug. 2, 2018), Fourth Violation Report (Aug. 9, 2018), Fifth Violation Report (Aug. 31, 2018), Sixth Violation Report (Oct. 1, 2018), Eight Violation Report (Nov. 8, 2018).

[2] The following Violation Reports stated that Underwood had failed to report: Third Violation Report (Oct. 4, 2018), Fifth Violation Report (Nov. 5, 2018), Sixth Violation Report (Nov. 8, 2018).

rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing an unidentified liquid, and numerous syringes. Id. Babauta informed the officers that Underwood had been taking over Taitague's drug dealing operation due to Taitague's declining health. Id. Underwood is charged in CF0712-18 with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). CF0712-18 Superseding Indictment.

### d. Subsequent Developments

Underwood claims that on or about December 18, 2018, she moved to 2E Rios Apartments, Dededo, and informed the Marshals. Decl. of Underwood (Mar. 22, 2019). Underwood was indicted in CF0712-18 on December 6, 2018. On December 19, 2018, a Deputy Marshal of the Superior Court filed an Affidavit of Non-Service, stating Underwood could not be served with the Summons and Indictment because she no longer resided at 114 Tumon View Condo. On January 9, 2019, the Court issued a Bench Warrant for Underwood in CF0712-18. Underwood was arrested on January 22, 2019. Return of Warrant (Jan. 25, 2019). She states that she was unaware of her indictment in CF0712-18 until her arrest. Decl. of Underwood. On December 5, 2018, Underwood appeared in Court for CF0255-18 and CF0398-18. Minute Entry (CF0255-18/CF0398-15) (Dec. 5, 2018). A Summons was sent to Underwood on December 6, 2018, summoning her to appear on December 19, 2018, to answer to the charges in CF0712-18. Underwood did not appear on December 19, 2018. Minute Entry (Dec. 19, 2018).

### DISCUSSION

The People ask the Court to include a jury instruction of Underwood's flight as proof of consciousness of guilt. Intention at 2 (Mar. 12, 2019). While acknowledging that specific jury instructions regarding flight are generally disfavored, the Ninth Circuit has not foreclosed the use of such instructions.

"While it is true that the [Committee on Model Criminal Jury Instructions] generally discourages courts from giving instructions regarding flight, we have held that flight instructions are valid if the evidence supports 'a chain of unbroken inferences from the defendant's behavior to the defendant's guilt of the crime charged.'"

United States v. Dixon, 201 F.3d 1223, 1232 (9th Cir. 2000) (internal citations omitted).

To satisfy this requirement, four inferences must be justified: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." Id. Courts are to consider whether a defendant had knowledge that they were suspected of a crime and whether the defendant fled immediately following the crime. Id. In the present case, the Court finds that the factual record casts doubt as to whether Underwood's conduct constitutes "flight."

The People state the following: "Prior to the drugs being located in the bedroom, Defendant was complying with her check in requirements. However, after the police raided the residence, Defendant stopped checking in." People's Intention at 3. The Court notes that at the time of the search, Probation had already filed nine (9) Violations Reports which stated Underwood had failed to report in CF0398-15 and CF0255-18. Underwood's established record of failing to check in with the Probation Office raises the question of whether her failure to check in after her indictment in CF0712-18 was an attempt to flee, or merely a continuation of her habit of nonattendance.

The Court also notes that Underwood appeared in Court for CF0398-15 and CF0255-18 on December 5, 2018. This is roughly two weeks after the search of her residence. While Underwood had not been indicted in CF0712-18, and could not have been sure at the time whether she would be indicted, the fact that she voluntarily appeared in Court following the search indicates that there is a possibility that she either (1) was unaware she was suspected of the crime, and therefore could not have been fleeing, or (2) knew she was a suspect in connection to the search of her home, and nevertheless decided to report to the Court.

Underwood states that she moved to 2E Rios Apartments in Dededo on or about December 18, 2018, and informed the Marshals of that fact. Objection at 2. She then continued to reside at such apartment until her arrest on or about January 22, 2019. Id. The Court finds that a "fleeing" suspect would be unlikely to continue living at a location which she had reported to authorities as her residence.

For the above reasons, the Court finds that there are factual questions regarding whether Underwood fled. These questions preclude the Court from finding the "chain of unbroken inferences" necessary under Dixon to include a specific flight instruction.

## CONCLUSION

Based on the forgoing reasons, the Court **DENIES** the People's request to include a jury instruction concerning flight as evidence of guilt.

A Further Proceedings is set for this matter on June 17th at 9 am.

**SO ORDERED** this ___6/3/18___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

I acknowledge that a copy of the original hereto was placed in the court box on

JUN - 3 2019 Date: _____ Time: 4:15 pm

Deputy Clerk, Superior Court of Guam